**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Civil Action **No. 10-CV-00557-JLK-CBS**

**JOHANNA ETTER and ARTHUR ETTER**

      Plaintiffs,
v.

**CHARLES KING BIBBY JR., M.D.**
**TIMOTHY CARTER MEILNER, M.D.**
**DELTA COUNTY MEMORIAL HOSPITAL DISTRICT**

      Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

The parties, through counsel, stipulate and move[1] the Court for the entry of the following

Protective Order pursuant to Fed. R. Civ. P. 26(c), and, as grounds therefore, state as follows:

Plaintiffs claim Defendants Bibby and Meilner were negligent in their care of the

decedent, Gabrielle Etter, resulting in her death.  Plaintiffs claim Defendant DCMHD, through

its nursing staff, was also negligent, and also assert that DCMHD violated the Emergency

Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd.

DCMHD is prepared to produce certain documents relating to Dr. Bibby it holds in his

personnel file which contain confidential information.  Plaintiffs and DCMHD are currently

attempting to resolve issues relating to production of documents relating to other DCMHD

---

[1]  Although the parties filed a Stipulated Protective Order, **Error! Main Document Only.** I construe their
filing as a motion for a protective order pursuant to Fed. R. Civ. P. 26(c)(1).

employees, including Nurse Linda Johnson, also known as Linda Rubick.  The parties anticipate

filing pleadings with the Court relating to additional documents DCMHD asserts are not

discoverable, including peer review materials for Dr. Bibby and possibly documents relating to

DCMHD personnel.  All documents produced via disclosure or pursuant to Court Order

described in this paragraph, in whatever format (paper, electronic, or otherwise), as well as any

other document (including depositions, transcripts, affidavits, exhibits, reports, motions, briefs

and related documents) that quotes, summarizes, or contains information which is not contained

in other, non-protected documents, shall be referred to as the Protected Documents.

DCMHD asserts that disclosure of Protected Documents outside of this litigation would

irreparably harm DCMHD and the people whose information is at issue.

The parties agree that a Protective Order should enter to preclude disclosure of the

Protected Documents except as provided for in this Order.

Having reviewed the motion and finding the stipulated protective order necessary to

protect the privacy interest of the parties and the individuals whose information is contained in

these documents, the motion is GRANTED.  I adopt the parties' Stipulated Protective Order, and

I enter a protective Order providing as follows:

1.      Documents bates stamped DCMHD-0001-114, if they are either voluntarily

disclosed or ordered by the Court to be disclosed, shall be subject to this Protective Order.

DCMHD shall stamp these documents "Protected Documents Subject to Protective Order."  The

parties and their counsel shall not transmit, disclose or otherwise disseminate these documents or

their contents to any person other than as set forth below in subparagraph (4).

2.      DCMHD may designate additional documents that should be subject to this Protective Order by stamping the documents as "Protected Documents Subject to Protective Order."  Plaintiffs or any other party shall have 15 days from the designation of the documents as Protected Documents to object to that designation by filing a motion with the Court.  Until the Court rules on any such motion, the documents will be subject to this Protective Order.  The party designating documents as subject to this Protective Order shall bear the burden of proof to demonstrate the applicability of Fed. R. Civ. P. 26(c).

3.      Any private information, *e.g.*, social security numbers, personal financial information and licensing numbers in documents subject to this Protective Order shall be redacted prior to production to the parties.  This information is confidential and not discoverable.  Any patient identifying information shall be redacted.

4.      Counsel for the parties may disclose Protected Documents, to (i) the parties, (ii) employees of counsel's office to the extent necessary for them to work on this case, (iii) deponents, and (iv) consultants or experts retained to assist with preparation for or testimony at trial.  Before disclosure to anyone authorized in this subparagraph, however, the party disclosing the Protected Documents shall have the witness execute a Confidentiality Agreement in the form attached hereto as Exhibit A, affirming that the person to whom the disclosure is made has read this Protective Order, agrees to be bound by it, agrees that violation of this Protective Order constitutes contempt of Court, and consents to personal jurisdiction of the Court.  Instead of executing a Confidentiality Agreement, a deponent may testify under oath that he or she agrees to be bound by the terms of the Confidentiality Agreement.  Any part of a deposition discussing Protected Documents shall be subject to this Protective Order.  The duty to designate the

deposition as protected shall be on the party asserting the applicability of the Protective Order to the deposition.

5.     Any exhibit to any deposition subject to this Protective Order shall not be publicly available.  Any testimony designated as confidential pursuant to this Protective Order shall be subject to this Protective Order and not publicly available.  Any filing of such documents or designated testimony with the Court shall be done under seal.  Any motion discussing Protected Documents or their contents likewise shall be submitted under seal.

6.     The parties and witnesses will abide by any Court Order protecting documents subject to this Protective Order during trial, which will be determined at that time.

7.     If any party receives a subpoena which would require production of any Protected Documents, that party will give DCMHD's counsel prompt notice and shall not produce documents responsive to the subpoena until DCMHD has been given a reasonable opportunity to appear and object to the production.

8.     Within 60 days after the conclusion of this case, including the resolution of all post-trial motions and appeals, the parties' counsel shall certify to DCMHD's counsel that all copies of the documents subject to this Protective Order in their possession or in the possession of any of person under subparagraph (4) have been destroyed.

9.     The terms of this Protective Order shall not terminate on the conclusion of the litigation, but will continue in effect forever absent amendment by the Court.

Dated:  May 27, 2011                                         BY THE COURT:

                                                                      **/s/ John L. Kane**

                                                                      Senior U.S. District Judge

4

**STIPULATED AND AGREED TO:**

*s/ Paul A. Faraci*
Paul A. Faraci
FARACI WOLANSKE, LLC
1512 Larimer Street, Suite 1050
Denver, Colorado 80202
Telephone: (720) 904-1190
Fax: (720) 294-1190
Email: pfaraci@fw-llc.com
Attorneys for Defendant
Delta County Memorial Hospital District

*s/ John Astuno*
John Astuno, Jr.,
JOHN ASTUNO, JR., LLC
1290 Broadway, Suite 600
Denver, Colorado 80203
Phone: (303) 861-7636
Email: norma6330@aol.com
Attorneys for Plaintiffs

*s/ Christopher Ford*
Christopher Wallace Ford
Hutchison Black & Cook LLC
921 Walnut St. #200
Boulder, CO   80301
Phone: (303) 442-6514
Email: ford@hbcboulder.com
Attorneys for Plaintiffs

*s/ Kim Childs*
Kim Childs, Esq.
Kennedy, Childs & Fogg, P.C.
248 Cottonwood Street
Delta, CO 81416
Phone: (970) 874-1600
Email: kchilds@kcf-pc.com
Attorneys for Timothy Carter Meilner, M.D.

5

*s/ Daniel Hubbard*

Daniel M. Hubbard
Messner & Reeves
1430 Wynkoop St., Ste 300
Denver, CO   80202
Phone: (303) 623-1800
Email: dhubbard@messner.com
Attorneys for Charles King Bibby, Jr., M.D.

6