IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **10-cv-00557-JLK**

**JOHANNA ETTER and ARTHUR ETTER,**

      Plaintiffs,

v.

**CHARLES KING BIBBY, JR., M.D.,
TIMOTHY CARTER MEILNER, M.D., and
DELTA COUNTY MEMORIAL HOSPITAL DISTRICT**,

      Defendants.

---

ORDER

---

**Kane, J.**

On March 15, 2012, I issued an order granting summary judgment to Defendant Delta County Memorial Hospital District on Plaintiffs' claims under the Emergency Medical Treatment and Active Labor Act ("EMTALA").  As part of that order, I declined to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims and dismissed them without prejudice.

After Plaintiffs sent a letter to Defendants seeking their view as to which judicial district would be most appropriate for the re-filing of their state law claims, Defendant Bibby informed Plaintiffs that he believed their claims to be barred by the statute of limitations.  He requested that Plaintiffs refrain from filing suit, and he threatened to seek attorney fees and costs should

Plaintiffs file their claims.

Despite Dr. Bibby's warning, Plaintiffs filed suit in state court. Nevertheless, in an abundance of caution Plaintiffs also filed the instant motion. In that motion, they seek reconsideration of my refusal to exercise supplemental jurisdiction over their state law claims. I first determine whether Plaintiffs have established sufficient grounds for reconsideration.

*Reconsideration*

Although the federal rules do not recognize a motion to reconsider, Plaintiffs may seek relief under either Rule 59(e) or Rule 60(b). *See Ysais v. Richardson*, 603 F.3d 1175 (10th Cir. 2010). Because Plaintiffs cite to and have complied with the requirements of Rule 59(e), I review their arguments through that lens.

Relief pursuant to Rule 59(e) is appropriate upon a showing that either: "(1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiffs do not specifically address these standards, but the import of their argument is clear: failure to reconsider could result in denial of a judicial forum for their state law claims.

Defendants argue Plaintiffs should have foreseen this potential result and argued for the exercise of supplemental jurisdiction in their response to Defendant Delta County Memorial Hospital District's Motion for Summary Judgment. Because Plaintiffs failed to do so, Defendants suggest Plaintiffs' jurisdictional concerns do not justify reconsideration. *See id.* (noting that a motion for reconsideration is not an appropriate vehicle for "revisit[ing] issues already addressed or advance arguments that could have been raised in prior briefing).

2

As a threshold matter, Defendants hold Plaintiffs to an unrealistic standard.  My exercise of supplemental jurisdiction over Plaintiffs' state law claims is discretionary, 28 U.S.C. § 1367(c); parties cannot be expected to anticipate the whims and caprice of a presiding judge. Although I declined to exercise supplemental jurisdiction over their state law claims, Plaintiffs believed, as evidenced by their current argument, that there existed grounds justifying a discretionary decision to retain jurisdiction over those claims.

The question remains, however: does the potential denial of a judicial forum constitute "manifest injustice"?  Having reviewed the party's arguments concerning the applicability of Colorado's savings statute, I think it likely that Plaintiffs' claims would not be time barred.[1] Nonetheless, just as I do not expect parties to anticipate the rulings of a presiding judge, neither do I feel qualified to predict another judge's decisions.  Accordingly, for purposes of this motion, I assume that Plaintiffs' claims could indeed be time-barred.

Plaintiffs filed their complaint in this matter over two years ago, within the relevant statute of limitations.  Over the preceding two years, they have conducted extensive discovery and litigated Defendant Delta County Memorial Hospital District's Motion for Summary Judgment.  Although Defendant Delta County Memorial Hospital District prevailed on its EMTALA claim, Plaintiff adequately pled a claim for which relief could be granted.  To now deny Plaintiffs a legal forum for their state law claims would punish them for exercising their

---

[1] Furthermore, although unaddressed by the parties, the Colorado Court of Appeals has held that statutes of limitations for state claims are tolled while they are pending in federal court. *See Dalal v. Alliant Techsytems*, 934 P.2d 830, 834 (Colo. Ct. App. 1996) (citing 28 U.S.C. § 1367(d)).  Although I think it likely the Colorado Supreme Court would adopt this ruling and apply § 1367(d) to toll the statutes of limitations for state claims while they are pending in federal court, in an abundance of caution, I decline to presuppose the Colorado Supreme Court's treatment of this issue.

3

right to file suit in this court.  Because I find this possibility threatens to work "manifest injustice," I find Plaintiffs have established sufficient grounds for reconsideration.  I now must determine whether there exist sufficient grounds to justify my exercise of supplemental jurisdiction over their state law claims.

### *Exercise of Supplemental Jurisdiction*

Ordinarily, the pre-trial dismissal of all federal claims necessitates dismissal of all pending state claims without prejudice.  *See McWilliams v. Jefferson Cty.*, 463 F.3d 1113, 1117 (10th Cir. 2006).  This is not, however, a *per se* rule.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).  In determining whether it is proper to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, I must consider "the values of judicial economy, convenience, fairness, and comity."  *Merrifield v. Bd. of Cty.  Comm'rs*, 654 F.3d 1073, 1085 (10th Cir.  2011) (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 350).  I address each factor *seriatim*.

### 1.  Judicial Economy

As Plaintiffs note, forcing them to re-file their claims in state court will necessarily involve the duplication of prior efforts and would require additional expenditure of judicial resources.  Plaintiffs could be subject to additional discovery and briefing on Defendant Bibby's threatened Motion to Dismiss would be required.  Although my exercise of supplemental jurisdiction would conserve scarce judicial resources, this consideration alone is not sufficient to justify my exercise of supplemental jurisdiction. *Id*. at 1086.

### 2.  Convenience of Parties

Defendants argue that the state forum promises to be significantly more convenient for all

4

parties.   Specifically, they point to the fact that most of the witnesses and parties live in close

proximity to the Delta County Courthouse.  This court, however, is authorized to conduct trials

in the adjacent Mesa County, so the difference is negligible.  This factor weighs evenly.

### 3.  Fairness

If, as Defendant Bibby has asserted, Plaintiffs' state claims are barred by the applicable

statute of limitations, dismissal of their claims would be extremely unfair.[2]  This factor, standing

alone, justifies my exercise of supplemental jurisdiction over Plaintiffs' state claims.  *See*

*Carnegie-Mellon Univ.*, 484 U.S. at 351-52.

### 4.  Comity

Finally, because Plaintiffs' state claims raise no novel or complex issues of state law, my

exercise of jurisdiction over them does not threaten comity.  *See, e.g.*, *Merrifield*, 654 F.3d at

1086.  Weighing these factors, I find it proper to exercise supplemental jurisdiction over the

remaining state law claims.  I will issue a ruling denying Defendant Delta County Memorial

Hospital District's Motion for Summary Judgment as it pertains to those state law claims

forthwith.  Once that motion is disposed of, I will set this matter for a Final Pretrial Conference.


Dated:  April 27, 2012                     BY THE COURT:

                                           **s/John L. Kane**
                                           Senior U.S. District Court Judge

---

[2]  Nevertheless, Defendants argue that because Plaintiffs have filed suit in state court, they are foreclosed from asserting that unfairness could result from my dismissal of their state claims.  Defendants' argument defies logic.  In fact, it could easily apply to their own position.  Because Dr. Bibby has expressed a belief that the statue of limitations bars Plaintiffs' state law claims, by Defendants' reasoning, he should be denied from arguing that the statute of limitations does not threaten to work manifest injustice or unfairness to Plaintiffs.